IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC.<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE, *et al.*<br><br>　　　　　Defendants-Appellees. | No. 14-5316 |

**Plaintiff-Appellant's Reply to Joint Opposition of the Individual Defendants to Plaintiff-Appellant's Motion for Partial Reversal and Remand**

The Individual Defendants oppose Plaintiff-Appellant True the Vote's Motion for Partial Reversal and Remand. (Doc. #156557, hereafter "Opp.") True the Vote states the following in reply:

**I.　True the Vote's Motion is Timely.**

Like the Government, the Individual Defendants suggest that True the Vote's motion is a "belated attempt to seek summary reversal" outside the 45-day window provided by this Court's rules. (Opp. at 2-3.) Of course, like the Government, the Individual Defendants ignores that True the Vote's motion was filed in response to this Court's order that directed the parties to file motions to govern future proceedings in this case within 30 days after the Court's resolution of *Z Street v. Koskinen*, No. 15-5010. It makes no difference whether True the Vote could have sought summary reversal at some earlier time. True the Vote's

1

motion was filed within 30 days of the *Z Street* decision, and pertains to that decision, as directed by this Court and is therefore timely and ripe for consideration.

**II.   Appellees' Concerns Regarding Qualified Immunity Do Not Foreclose True the Vote's Request for Reversal and Remand.**

True the Vote believes that *Z Street* requires reversal of Count II (declaratory and injunctive relief – First Amendment violations) and Count V (declaratory and injunctive relief – Administrative Procedure Act violations) of the Amended Complaint, claims that implicate only the Government defendants. However, as the Individual Defendants recognize, in the ordinary course, "all issues in an appellate case are considered as a unit and resolved as a unit." (Opp. at 4; *see also* D.C. Circuit Rule 41(b) ("If the case is remanded, this court does not retain jurisdiction, and a new notice of appeal or petition for review will be necessary if a party seeks review of the proceedings conducted on remand."). True the Vote agrees that there is no reason to deviate from the ordinary course here.

True the Vote disagrees, however, that the ordinary course of considering the issues in this appeal as a unit forecloses remand in this case based on the Individual Defendants' qualified immunity defense. Discovery for claims II and V would be limited to the ongoing threat of targeting by the IRS. In as much as many of the Individual Defendants are no longer employed at the IRS, it is likely there are other IRS officials more competent to testify about the IRS's current policies.

2

Moreover, the district court is highly capable of resolving any discovery disputes, should they arise.

However, should this Court believe that issues of qualified immunity should be resolved before discovery commences, True the Vote agrees that that this Court is the proper venue for resolution of those issues, which may be decided before addressing the availability of a *Bivens* action. *See Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011) ("We recently reaffirmed that lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first.").

Dated: August 6, 2015

Respectfully submitted,

Cleta Mitchell (D.C. 433386)
Michael J. Lockerby (D.C. 502987)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com

  -and-

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER, LLP
One Biscayne Tower

3

2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Lead Counsel for Appellant*

　/s/ Noel H. Johnson
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org
njohnson@ publicinterestlegal.org
*Counsel for Appellant*

John C. Eastman (Cal. 193726)
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Appellant*

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiff-Appellant's Reply to Joint Opposition of the Individual Defendants to Plaintiff-Appellant's Motion for Partial Reversal and Remand with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on August 6, 2015. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 6, 2015                                     /s/  Noel H. Johnson
                                                                        *Counsel for Appellant*